THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD WAYNE GAN, Defendant-Appellant.

Fourth District   No. 15412

Opinion filed October 3, 1979.

REARDON, P. J., dissenting.

Richard J. Wilson and Charles M. Schiedel, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Fahey, State's Attorney, of Danville (Marc D. Towler and Denise M. Paul, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

On October 2, 1978, after a trial by jury in the circuit court of Vermilion County, defendant Donald Wayne Gan was convicted of the July 1, 1976, burglary of a service station in Danville. He was subsequently sentenced to 2 years' probation conditioned upon 1 year of periodic imprisonment which was stayed for so long as he was gainfully employed.

On appeal he asserts only that he was denied a fair trial by the State's elicitation of testimony showing that he did not deny the truth of a typewritten statement concerning his involvement in the crime. The State claims this issue to have been waived. Because of our determination of the issue, we need not decide that question of waiver. We affirm.

At the trial Police Officer Gerald Wright testified that on November 5, 1976, he interrogated the defendant concerning the burglary. The officer testified that after signing a waiver of his constitutional rights, defendant admitted that he had committed the burglary. On direct examination Officer Wright identified a waiver form signed by defendant and a two-page typewritten series of questions police officers purportedly asked defendant, and his purported answers. Officer Wright acknowledged that defendant had initialled answers in two places to denote typographical errors. On cross-examination, the public defender asked Officer Wright if defendant had signed the typewritten statement. He replied that defendant had refused to sign. On redirect examination the prosecutor asked Officer Wright, "Did he [the defendant] make any comments saying that this isn't true while he read this statement out loud?" The officer answered "no." Defense counsel then objected that this had already been asked and answered. The judge sustained the objection saying that he was doing so on grounds other than those stated.

The trial judge then called both attorneys to the bench, outside of the jury's presence, and stated that he believed there were grounds for a mistrial in view of *Doyle v. Ohio* (1976), 426 U.S. 610, 49 L. Ed. 2d 91, 96 S. Ct. 2240. The court stated that the prosecution's direct comment on the defendant's failure to claim the typed statement was inaccurate was error per se under *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602. The court then declared a luncheon recess and stated that the

prosecution would be allowed to present authorities to support its argument that a mistrial had not occurred. The trial judge then denied a defense motion for a mistrial and ruled the trial should continue.

The defendant relies heavily on *Doyle* where the United States Supreme Court ruled that the introduction of a post-arrest silence by an accused as an admission of his guilt is a violation of that defendant's *Miranda* rights. In *Doyle*, the defendants refused to say anything after the *Miranda* rights were read. At their trials the defendants testified that they had been "framed" by narcotics agents. For the purpose of impeaching defendants' testimony the prosecutor cross-examined them about their failure to say, at the time of their arrest, that they had been "framed." The court reversed reasoning that defendants had chosen to stand on their constitutional rights to remain silent and that these rights would become meaningless if their silence could be used against them.

■■■ In *People v. Hensen* (1978), 58 Ill. App. 3d 42, 373 N.E.2d 852, the defendant was convicted of rape, although he had argued that the victim had consented. In that case, this court held that once the defendant had given up his *Miranda* rights and made a purportedly full communication of his involvement, his failure to raise an issue tending to show his innocence is part of his voluntary communicative process and may properly be presented to the jury for consideration. In the case at bar, the defendant voluntarily waived his *Miranda* rights and purportedly gave the police a substantial statement of his involvement in the burglary. Since it was proper for that evidence to be presented to the jury, surrounding circumstances tending to show the reliability of the evidence was also properly before the jury. Once *Miranda* rights are voluntarily waived the jury may consider the entire communicative process in order to judge the meaning and accuracy of the volunteered statements.

Unlike in *Doyle*, where the evidence of defendants' exercise of *Miranda* rights was used to create an inference that an innocent man would have denied the charges, here the evidence is used to rebut the inference raised by the defendant that his refusal to sign the document evidenced its inaccuracy. If the contention be raised by defendant that after answering the questions and initialing the document, defendant then decided to exercise his right to speak no further, he cannot complain of the State's introduction of evidence on that subject when he first raised the point by showing his refusal to sign.

For the reasons stated, we affirm.

Affirmed.

TRAPP, J., concurs.

Mr. PRESIDING JUSTICE REARDON, dissenting:

I cannot agree with my colleagues. Rather, I agree with the trial judge when he said:

> "Doyle vs. Ohio says that when a suspect is given the Miranda rights and told that he does not have to testify or, paraphrasing Doyle for the facts of this case, told that he may stop giving information at any time, he may then not be punished for stopping nor may the fact of his silence or, in this case, the fact that he did not sign the statement be introduced in evidence against him.
>
> It is the Court's opinion that the error in this record has already been committed. Were we able to have discussed this prior to the introduction of testimony, the state would then have been able to proceed and call their witnesses to testify as to verbal admissions under the rules governing verbal admissions and the Court would have been able to rule on the basis of the testimony offered. The reference to this document identified as Exhibit No. 1, its tender into evidence, its offer to the Court in the presence of the jury has done two things. First of all it has drawn the attention of the jury to alleged confession admittedly unsigned which I would rule is inadmissible. Secondly, it places upon the defendant extreme pressure to waive his Fifth Amendment privilege against self incrimination and take the stand and testify both with regard to the preparation of the statement and the failure to sign. I'm convinced and would rule as follows: The attempted introduction into evidence of the typed statement of the police officer, which was presented to the defendant in which he refused to acknowledge or sign, in the presence of the jury followed by the questions by counsel directed to the state's witnesses directing attention to the jury that the defendant did not sign the statement, which they will not have an opportunity to examine, constitutes error requiring an immediate mistrial. * * * I can only indicate that if a Judge ruled that this was a proper, valid confession and that the document itself was admissible in evidence, he erred."

However, for reasons unknown to me, the mistrial was not declared and the conviction resulted.

I cannot distinguish this case from *Doyle* and I believe that it mandates reversal.